UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CLARENCE BROOKS EL and ) <br> HELEN STEWART-BROOKS EL, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> YORKTOWN FUNDING, INC. *et al.* ) <br> ) <br> Defendants. ) | NO. 2:07-CV-271 PS |

## MEMORANDUM OPINION AND ORDER

The above-captioned cause number was opened on August 20, 2007 when Plaintiffs Clarence Brooks El and Helen Stewart-Brooks El filed a Motion for Emergency Stay containing little in the way of factual allegations, but riddled with legalese.  This Court ordered Plaintiffs to file a complaint, and one that complied with Federal Rule of Civil Procedure 8(a)'s requirement of "a short and plain statement" of the grounds for relief.  Plaintiffs complied with the brevity mandate, but their complaint is far from "plain."  As best the Court can divine, Plaintiffs claim that they had a federal land patent on certain real estate over which Yorktown had a mortgage. Plaintiffs allege that the land patent gave them a superior lien to their land, and therefore, Yorktown's foreclosure on the property and subsequent sheriff's sale were improper.  (Compl. at 2.)

Defendants Yorktown Funding Inc. and Hoeppner Wagner & Evans[1] have moved to dismiss on grounds that Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine.  Plaintiffs have not responded.  *Rooker-Feldman* bars federal lawsuits in which "a party in effect seeks to

---

[1] The complaint also names a Sheriff's Department (evidently the Lake County Sheriff's Department), but the docket reflects that that entity has never been served.

take an appeal of an unfavorable state-court decision to a lower federal court." *Sides v. City of Champaign*, 496 F.3d 820, 824 (7th Cir. 2007).  The purpose is to prevent state-court losers from attempting an "end run around an adverse state court ruling." *Schmitt v. Schmitt*, 324 F.3d 484, 487 (7th Cir. 2003).

In support of their motion, Defendants point to an October 17, 2006 order from the Lake Circuit Court granting summary judgment in Yorktown's case against Defendants "Helen Brooks, et al."  However, it is not clear from the face of the order (or from Yorktown's one-page motion for summary judgment, which Defendants attach) what the case was about or what the legal basis for summary judgment was.

However, Defendants do attach an "Affidavit of Truth" filed in that case by a Chad Bruk and Zafina Amari Bruk, who state that their former names were Clarence Brooks and Helen Stewart-Brooks.  (DE 8-6.)  The affidavit criticizes the state court magistrate judge because she "stated that [she] didn't know what a 'land patent' was" and "didn't know what lawful money was as stated in the Constitution of the United States of America."  (*Id*. at 1-2.)  The affidavit refers to a dispute with Yorktown about their home mortgage.  Defendants also point to the Bruks' notice of appeal from summary judgment, which also refers to the lower court's adverse decision on the land patent issue.  (DE 8-4.)

In addition, Defendants direct the Court's attention to a document entitled "Return on Order of Sale" in the same cause number.  (DE 8-7.)  That document demonstrates that the property at issue in the state court case was put up for public sale by the Lake County Sheriff's Department on August 17, 2007, and that the property was sold to Yorktown for $90,000.  (*Id*.)  These facts fit together with Plaintiffs' Motion for Emergency Stay filed in this Court, in which

Plaintiffs assert that "[t]here was an illegal sale of our land and property to Yorktown Funding, Inc., which was purposely done on Friday the 17th of August, 2007." (DE 1 at 1-2.) Plaintiffs also sought an emergency stay in the state court, but that motion was denied. (DE 8-9.)

Taken all together, these materials show that Yorktown instituted a foreclosure action in state court on property owned by Plaintiffs, and that in the state court case, Plaintiffs claimed that they held a land patent which prevented Yorktown from foreclosure. It is apparent that Plaintiffs intended to litigate in this case exactly the same issues that were already decided in the state court case, and that were already appealed to the state appellate court. This is just the sort of claim that *Rooker-Feldman* bars. *Taylor v. Fed. Nat'l Mortgage Ass'n*, 374 F.3d 529, 534 (7th Cir. 2004) (plaintiff's claim that defendants committed a "fraud upon the court" by instituting a wrongful foreclosure action against her was "inextricably intertwined" with the state court judgment of foreclosure); *Wright v. Tackett*, 39 F.3d 155, 157-58 (7th Cir. 1994) (holding that civil rights suit, which essentially sought review of state court's denial of plaintiff's request to intervene in foreclosure actions, was barred by *Rooker-Feldman*). To the extent that Plaintiffs raise new claims in their numbered laundry list on page two of their complaint (including due process, RICO, and collusion claims, as well as one of "nul tiel record"), these are unsubstantiated by any factual allegations and must also be dismissed.

## CONCLUSION

Defendants' motion to dismiss (DE 6) is **GRANTED**. Plaintiffs' claims are **DISMISSED** without prejudice for lack of subject matter jurisdiction. Defendants' motion for a more definite statement (DE 7) is **DENIED AS MOOT**.

3

**SO ORDERED**.

ENTERED: January 7, 2008

                                                       s/ Philip P. Simon  
                                                       PHILIP P. SIMON, JUDGE  
                                                       UNITED STATES DISTRICT COURT